**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NARAKA INTELLECTUAL PROPERTY, LLC.,** | |
| Plaintiff, | Civil Action No. |
| v. | **JURY TRIAL DEMANDED** |
| **RABBIT , INC.** | |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Naraka Intellectual Property, LLC ("Naraka" or "Plaintiff") makes the following allegations against Rabbit, Inc. ("Rabbit" or "Defendant"):

### PARTIES

1.      Plaintiff Naraka is a Pennsylvania limited liability company, with its principal place of business located at 1229 Laurel Oak LN, York, PA 17403.

2.      On information and belief, Defendant Rabbit is a corporation organized under the laws of the State of Delaware with its principal place of business at 822 Winslow Street, Redwood City, CA 94063.

## JURISDICATION AND VENUE

3.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5.  On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Pennsylvania Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Pennsylvania and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,112,490

6.  Plaintiff is the owner by assignment of United States Patent No. 8,112,490 ("the '490 Patent") titled "System And Method For Providing A Virtual Environment With Shared Video On Demand." The '490 Patent issued on May 16, 2000. A true and correct copy of the '490 Patent is attached as Exhibit A.

7.  Upon information and belief, Defendant directly or through intermediaries has been and is now infringing the '490 Patent in the State of Pennsylvania, in this judicial district, and elsewhere in the United States, by, making, using, providing, supplying, distributing, selling, and/or offering for sale products and/or systems (including at least its website at https://rabbit.it/help) that practice the system or method

for facilitating sharing your desktop, streaming videos and/or sharing other media between multiple participants as covered by one or more claims of the '490 Patent and particularly, claims 1-3, 6-7,- 9-10, 12-13 and 15 of the '490 Patent. Defendant is directly infringing, literally infringing, and/or infringing the '490 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '490 Patent pursuant to 35 U.S.C. § 271.

8.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '490 Patent complied with any such requirements.

9.     As a result of Defendant's infringement of the '490 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

10.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '490 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendant has infringed the '490 Patent;

2.      A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '490 Patent, or such other equitable relief the Court determines is just and proper;

3.      A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '490 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4.      Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Positron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED November 29, 2015.                    Respectfully submitted,

By: \s\ *Louis M. Heidelberger*

Louis M. Heidelberger
Pennsylvania Bar No. 21569
Louis.heidelberger@gmail.com

**The Law Offices of Louis M. Heidelberger, Esquire LLC.**
1229 Laurel Oak LN
York, PA 17403
Tel: (215) 284-8910
Fax: (267) 388-3996

**ATTORNEYS FOR PLAINTIFF NARAKA INTELLECTUAL PROPERTY, LLC.**

EXHIBIT A

United States Patent No. 8,112,490